IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-56-TAV-CCS |
| | ) | |
| ADARIUS MCLEROY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 15, 2016, for a motion hearing on the Defendant's Motion to Continue the Trial Date [Doc. 16]. Assistant United States Attorney Bart Slabbekorn appeared on behalf of the Government. Attorney A. Philip Lomonaco appeared on behalf of the Defendant who was also present.

The motion states that defense counsel has met with his client to discuss the discovery in this case and has met with the Government to discuss a possible resolution. However, the motion explains that additional time is needed so defense counsel may continue to meet with the probation office to correlate the appropriate sentencing guidelines in this case. During the hearing, defense counsel reiterated that additional time was need to investigate sentencing matters so that he could properly advise his client. In addition, defense counsel's current trial schedule necessitates additional time so that discovery may be fully reviewed with his client. The Court questioned the Defendant who stated he understood he had a right to a speedy trial and would remain in custody pending a new trial date, but that he nonetheless desired a continuance in this matter. The

1

Government stated it had no objection to a continuance. The parties then agreed to a new trial date of March 7, 2017.

The Court finds the motion to continue to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that the Defendant's request for a continuance demonstrates a need for additional time for counsel to interview his client, review discovery, and investigate the facts of the case. The Court finds that the failure to grant the Defendant's request would result in a miscarriage of justice because he would have to proceed to trial with unprepared counsel. In light of the amount of time needed to prepare for the case, the Court finds that the Defendant could not be ready for trial by November 21, 2016, or in less than four months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's motion to continue is **GRANTED**. The trial of this matter is reset to **March 7, 2017.** The Court also finds that all the time between the November 15, 2016 hearing and the new trial date of March 7, 2017 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). As to all other deadlines in this matter, the parties have until **February 27, 2017** to conclude plea negotiations. The Court instructs the parties that all motions *in limine* must be filed no later than **February 20, 2017**. Furthermore, special requests for jury instructions shall be submitted to the District Court no later than **February 24, 2017**, and shall be supported by citations to authority pursuant to Local Rule 7.4. Finally, should the Defendant desire to file a pretrial motion, he may file a motion to file out of time and attached the proposed pretrial motion as an exhibit for the Court's consideration.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue the Trial Date [**Doc. 16**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **March 7, 2017 at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the hearing on **November 15, 2016,** and the new trial date of **March 7, 2017**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for concluding plea negotiations is **February 27, 2017**;

(5) Motions *in limine* must be filed no later than **February 20, 2017**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 24, 2017**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge